UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

      - v. -

ROSS WILLIAM ULBRICHT,
  a/k/a "Dread Pirate Roberts,"
  a/k/a "DPR,"
  a/k/a "Silk Road,"

        Defendant,

ANY AND ALL ASSETS OF SILK ROAD,
INCLUDING BUT NOT LIMITED TO THE
SILK ROAD HIDDEN WEBSITE AND ANY
AND ALL BITCOINS CONTAINED IN
WALLET FILES RESIDING ON SILK ROAD
SERVERS, INCLUDING THE SERVERS
ASSIGNED THE FOLLOWING INTERNET
PROTOCOL ADDRESSES:
46.183.219.244; 109.163.234.40;
193.107.86.34; 193.107.86.49;
207.106.6.25; AND 207.106.6.32;

And all property traceable
thereto,

        Defendants-in-rem.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEALED SECOND POST-
COMPLAINT PROTECTIVE
ORDER PURSUANT TO
18 U.S.C. § 983(j)(1)

No. 13 Civ. 6919 (JPO)

ECF Case

      WHEREAS, on September 30, 2013, the United States

commenced this action, upon the filing of a verified complaint

(the "Complaint"), seeking forfeiture of the above-captioned

defendants in rem (the "Defendants in Rem");

      WHEREAS, the Complaint alleges, in part, that from in

or about January 2011, up to and including September 2013, the

SILK ROAD HIDDEN WEBSITE, a Defendant in Rem, served as an online marketplace where illegal drugs and other illicit goods and services were regularly bought and sold by the site's users;

WHEREAS, the Complaint alleges, in part, that since its inception, the SILK ROAD HIDDEN WEBSITE was owned and operated by ROSS WILLIAM ULBRICHT, a/k/a "Dread Pirate Roberts," a/k/a "DPR," a/k/a "Silk Road," the Defendant in Personam, who has been charged by criminal complaint, 13 Mag. 2328 (FM), (the "Criminal Complaint") with violations of Title 21, United States Code, Section 846 and Title 18, United States Code, Sections 1030 and 1956 in connection with his operation of the SILK ROAD HIDDEN WEBSITE;

WHEREAS, the Complaint further alleges, in part, that the SILK ROAD HIDDEN WEBSITE was designed to facilitate the illicit commerce hosted on the site by providing anonymity to its users, by operating on what is known as "The Onion Router" or "Tor" network ("Tor"), a part of the Internet designed to make it practically impossible to physically locate the computers hosting or accessing websites on the network, and by requiring all transactions to be paid in "Bitcoins," an electronic currency designed to be as anonymous as cash;

WHEREAS, the Complaint further alleges, in part, that ULBRICHT, through his operation of the SILK ROAD HIDDEN WEBSITE, engaged in a massive money laundering operation, through which

hundreds of millions of dollars derived from unlawful transactions have been laundered;

WHEREAS, the Complaint further alleges, in part, that the SILK ROAD HIDDEN WEBSITE generated massive sales revenue and commissions, in the form of Bitcoins, worth over approximately $1.2 billion and approximately $80 million, respectively, based on prevailing exchange rates as of the date of the Complaint;

WHEREAS, the Complaint further alleges, in part, that ULBRICHT oversaw Silk Road's operation since its inception and exclusively controlled the profits generated from the operation of the business;

WHEREAS, on October 1, 2013, upon the application of the United States, the Court entered a protective order which, among other things, authorized the United States to seize any and all Bitcoins contained in wallet files residing on Silk Road servers, including those servers enumerated in the caption of the Complaint, pending the outcome of this civil proceeding, by transferring the full account balance in each wallet to a Bitcoin address controlled by the United States;

WHEREAS, on October 1, 2013, ULBRICHT was arrested on the charges alleged in the Criminal Complaint;

WHEREAS, in connection with ULBRICHT's arrest, several pieces of computer hardware belonging to ULBRICHT (collectively, "Ulbricht's Computer Hardware") were seized from ULBRICHT and

3

searched;

WHEREAS, Ulbricht's Computer Hardware contains one or more Bitcoin wallets, containing at least approximately 144,336 Bitcoins that have been recovered by federal law enforcement agents to date, equivalent to approximately $30 million based on current exchange rates;

WHEREAS, all Bitcoins on Ulbricht's Computer Hardware (the "Subject Bitcoins") are traceable to the operation of Silk Road, and thus are among the Defendants in Rem;

WHEREAS, the Complaint alleges that the Defendants in Rem, including all assets of Silk Road and all property traceable thereto, are forfeitable to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in money laundering and attempted money laundering transactions, in violation of Title 18, United States Code, Section 1956;

WHEREAS, the United States has applied for a protective order to seize, secure, maintain, and preserve the availability of the Subject Bitcoins for civil forfeiture; and

WHEREAS, the United States submits that the entry of the requested protective order will vest this Court with sufficient actual and/or constructive control of the Subject Bitcoins to establish this Court's in rem jurisdiction over the Subject Bitcoins;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 18 U.S.C. § 983(j)(1)(A), THAT:

1.    The United States is authorized to seize the Subject Bitcoins pending the outcome of this civil proceeding, by transferring the full account balance in each wallet on Ulbricht's Computer Hardware to Bitcoin addresses controlled by the United States.

2.    The United States shall maintain and preserve the Subject Bitcoins pending the outcome of this civil action.

3.    Service of a copy of this protective order shall be made on the Defendant's attorney by regular mail.

4.    The Court hereby finds that the entry of this protective order vests the Court with in rem jurisdiction over the Subject Bitcoins.

SO ORDERED:

_____          10/24/13
HONORABLE J. PAUL OETKEN                    DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK