PREET BHARARA
United States Attorney for
the Southern District of New York
By:   CHRISTINE I. MAGDO
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2297

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> -against-<br><br>ROSS WILLIAM ULBRICHT,<br> a/k/a "Dread Pirate Roberts,"<br> a/k/a "DPR,"<br> a/k/a "Silk Road,"<br><br>    Defendant,<br><br>ANY AND ALL ASSETS OF SILK ROAD, INCLUDING BUT NOT LIMITED TO THE SILK ROAD HIDDEN WEBSITE AND ANY AND ALL BITCOINS CONTAINED IN WALLET FILES RESIDING ON SILK ROAD SERVERS, INCLUDING THE SERVERS ASSIGNED THE FOLLOWING INTERNET PROTOCOL ADDRESSES: 46.183.219.244; 109.163.234.40; 193.107.86.34; 193.107.86.49; 207.106.6.25; AND 207.106.6.32;<br><br>And all property traceable thereto,<br><br>    Defendants-in-rem. | DECLARATION IN SUPPORT OF PARTIAL JUDGMENT BY DEFAULT AND ORDER OF FORFEITURE<br><br>No. 13 Civ. 6919 (JPO)<br><br>ECF Case |

   CHRISTINE I. MAGDO, pursuant to 28 U.S.C. §1746, declares under penalty of perjury as follows:

1.   I am an Assistant United States Attorney in the Office of Preet Bharara, United States Attorney for the Southern District of New York, attorney for plaintiff herein.  I have responsibility for the above-captioned matter and, as such, I am familiar with the facts and circumstances set forth herein.  This declaration is submitted in support of plaintiff's request for a default judgment as to certain Defendants in Rem, namely, the Silk Road Hidden Website (the "Silk Road Hidden Website") and Any and All Bitcoins Contained in Wallet Files Residing on Silk Road Servers, Including the Servers Assigned the Following Internet Protocol Addresses: 46.183.219.244; 109.163.234.40; 193.107.86.34; 193.107.86.49; 207.106.6.25; And 207.106.6.32, (the "Silk Road Server Bitcoins"), in the above-captioned case.

## THE CIVIL FORFEITURE ACTION

2.   On September 30, 2013, the United States commenced this civil action seeking, among other things, forfeiture of the following property:

>    ANY AND ALL ASSETS OF SILK ROAD, INCLUDING BUT NOT LIMITED TO:
>
>    a.   THE SILK ROAD HIDDEN WEBSITE;
>
>    b.   ANY AND ALL BITCOINS CONTAINED IN WALLET FILES RESIDING ON SILK ROAD SERVERS, INCLUDING THE SERVERS ASSIGNED THE FOLLOWING INTERNET PROTOCOL ADDRESSES: 46.183.219.244; 109.163.234.40; 193.107.86.34; 193.107.86.49; 207.106.6.25; AND 207.106.6.32;

and all property traceable thereto (collectively, the "Defendants

in Rem"). The civil action seeks forfeiture of the Defendants in Rem pursuant to Title 18, United States Code, Section 981(a)(1)(A), on the grounds that they constitute property involved in money laundering transactions, or property traceable to such property, in violation of Title 18, United States Code, Section 1956. The verified civil complaint (the "Complaint") is attached hereto as Exhibit A and is fully incorporated herein by reference.

3.  As alleged in the Complaint, from in or about January 2011, up to and including September 2013, the Silk Road Hidden Website served as an online marketplace where illegal drugs and other illicit goods and services were regularly bought and sold by the site's users. From its inception to its closure, the Silk Road Hidden Website was owned and operated by ROSS WILLIAM ULBRICHT, a/k/a "Dread Pirate Roberts," a/k/a "DPR," a/k/a "Silk Road," ("Ulbricht"), the Defendant in Personam.

4.  As alleged in the Compliant, during its two-and-a-half years in operation, the Silk Road Hidden Website was used by several thousand drug dealers and other unlawful vendors to distribute hundreds of kilograms of illegal drugs and other illicit goods and services to well over a hundred thousand buyers, and to launder hundreds of millions of dollars deriving from these unlawful transactions. All told, the Silk Road Hidden Website generated sales sales revenue totaling over 9.5 million bitcoins and collected

commissions from these sales totaling over 600,000 bitcoins. Although the value of bitcoins varied significantly during the site's lifetime, these figures were, at the time the Complaint was filed, equivalent to approximately $1.2 billion in sales and approximately $80 million in commissions. All of these bitcoins are subject to forfeiture as proceeds of the illegal activity conducted on Silk Road. Road.

## THE RELATED CRIMINAL CASE

5.  In a criminal complaint dated September 27, 2013, the Government charged Ulbricht, the Defendant in Personam, with conspiracy to violate the narcotics laws of the United States, in violation of Title 21, United States Code, Section 846 (the "Narcotics Offense"); with conspiracy to commit computer intrusion offenses in violation of Title 18, United States Code, Section 1030(a)(2) (the "Computer Hacking Offense"); and with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h), all in connection with his operation of the Silk Road Hidden Website. *United States v. Ross William Ulbricht*, 13 Mag. 2328 (FM) (the "Criminal Complaint"). The criminal case against Ulbricht is currently pending.

## THE PROTECTIVE ORDERS

6.  On or about October 1, 2013, pursuant to a protective order entered by this Court, the United States seized the Silk Road Hidden

Website and transferred the Silk Road Server Bitcoins to a bitcoin wallet controlled by the United States, pending the outcome of the civil forfeiture action.

7. On or about October 24, 2013, pursuant to a second protective order entered by this Court, the United States transferred the bitcoins found in bitcoin wallets located on computer hardware belonging to Ulbricht to a bitcoin address controlled by the United States (the "Computer Hardware Bitcoins"), pending the outcome of the civil forfeiture action, on the basis that the Computer Hardware Bitcoins are property traceable to the Silk Road Hidden Website.

## NOTICE OF THE CIVIL FORFEITURE ACTION

8. On or about November 8, 2013, notice of the Complaint was sent by Federal Express, to the following individual, as counsel for Ross William Ulbricht:

> Joshua Dratel, Esq.
> Law Offices of Joshua L. Dratel P.C.
> 29 Broadway, Suite 1412
> New York, NY 10006

9. The notice letter enclosed a copy of the Complaint and advised counsel of the deadlines for filing a claim and an answer in the forfeiture action. A copy of the notice letter is attached hereto as Exhibit B.

10. Ulbricht is the only individual known by the Government to have a potential interest in the Silk Road Hidden Website or the Silk Road Server Bitcoins.

11. Notice of this civil forfeiture action was posted on an official government internet site, www.forfeiture.gov, for at least 30 consecutive days, beginning on October 18, 2013. Proof of such publication was filed with the Clerk of the Court on January 2, 2014. A copy of this proof of publication is attached hereto as <u>Exhibit C</u>.

12. The Government has provided adequate notice pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. First, the Government provided direct notice to the only known potential claimant. Second, the Government complied with the publication requirements of Rule G by posting a notice of the forfeiture complaint on www.forfeiture.gov for 30 consecutive days. <u>See</u> Rule G(4)(a)(iv)(C) (allowing "posting a notice on an official internet government forfeiture site for at least 30 consecutive days").

13. Publication was completed in October 2013 and direct notice was sent in November 2013. No other claims or answers were filed or made in this action as to Silk Road Hidden Website or the Silk Road Server Bitcoins, no other parties have appeared to contest the action to date, and the requisite time periods in which to do so have expired.

See 18 U.S.C. § 983(a)(4)(A) ("any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint"); Rule G(4)(b)(ii) (claim must be filed "at least 35 days after the notice is sent"); Rule G(5)(a)(ii)(B) ("if notice was published but direct notice was not sent to the claimant or the claimant's attorney," claim must be filed "no later than 30 days after final publication of newspaper notice").

14. A Certification signed by the Clerk of this Court reflecting the default of the parties is attached hereto as <u>Exhibit D</u>.

15. Pursuant to the Court's individual practices, on January 9, 2014, the Government served notice on the only individual known by the Government to have a potential interest in the Silk Road Hidden Website or the Silk Road Server Bitcoins, namely Ulbricht. Attached hereto as <u>Exhibit E</u> is a copy of that notice.

16. Accordingly, the Government respectfully requests that the Court enter the proposed Partial Judgment by Default and Order of Forfeiture, attached hereto as <u>Exhibit F</u>.

7

17.  No previous application for the relief requested herein has been sought.

Dated:     New York, New York
           January 9, 2014

*[signature: Christine Magdo]*
CHRISTINE I. MAGDO
ASSISTANT UNITED STATES ATTORNEY