

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 28, 2017

**BY ECF**
Honorable Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

      Re: **United States v. Ulbricht et al., 13 Civ. 6919 (KBF)**

Dear Judge Forrest:

      On September 22, 2015, this Court ordered the Government and claimant Ross Ulbricht ("Claimant" or "Ulbricht") in the above-captioned civil forfeiture action (the "Civil Action") to inform the Court, within thirty days of the resolution of the direct appeal to the Second Circuit of the related criminal case, *United States* v. *Ulbricht*, 14 Cr. 68 (KBF) (the "Criminal Case"), of the parties' position regarding lifting the stay of the Civil Action. As set forth in more detail below, the Government respectfully requests the stay be lifted on the grounds that the Civil Action can proceed without burdening Ulbricht's right against self-incrimination under the Fifth Amendment.

Procedural Background

      On January 27, 2014, the Honorable J. Paul Oetken, United States District Judge, to whom the Civil Action was originally assigned, granted the parties' joint request for a stay pending the outcome of the Criminal Case. In January and February 2015, this Court presided over a jury trial of the Criminal Case, which resulted in the conviction of Ulbricht on all seven counts with which he was charged. On May 29, 2015, this Court imposed a sentence of life imprisonment on Ulbricht, who then appealed his conviction and sentence to the Second Circuit. On July 20, 2015, the Civil Action was reassigned from Judge Oetken to this Court. On September 22, 2015, at Ulbricht's request, this Court continued the stay of the Civil Action until the resolution of Ulbricht's appeal of the Criminal Case to the Second Circuit. On May 31, 2017, the Second Circuit panel issued a 139-page opinion, affirming this Court's judgment in the Criminal Case in all respects. *United States* v. *Ulbricht*, __ F.3d __, 2017 WL 2346566 (2d Cir. 2017). Ulbricht has filed a motion for an extension of time, through July 31, 2017, to file a petition for rehearing or rehearing *en banc*.

## Relevant Legal Standard

In order for a claimant's unilateral request for a stay of a civil forfeiture proceeding to be granted, the claimant must show that: (1) he has standing to contest the civil forfeiture; (2) he is the subject of a related criminal case; and (3) proceeding with the civil case would burden the defendant's rights under the Fifth Amendment in the related criminal case. 18 U.S.C. § 981(g)(2). The claimant bears the burden of proof. *United States* v. *Funds in the Amount of $495,744*, 596 Fed. Appx. 494 (7th Cir. 2015).

## The Stay in Ulbricht's Case Should be Lifted

Applying the first requirement of Section 981(g)(2) to the facts of the Civil Action, the Government does not dispute that Ulbricht has standing to contest the forfeiture. *United States* v. *$410,000 in United States Currency*, 2007 WL 4557647, *4 (D.N.J. 2007) (In order to have standing to contest a forfeiture, claimant must establish statutory standing by following the procedures set forth in Supplemental Rule G(5) and also make a *prima facie* showing of Article III standing). However, a finding that the claimant has standing for purposes of Section 981(g)(2) does not preclude further inquiry into the claimant's standing later in the case. *Id*. at *5 n.4. (Section 981(g)(7) expressly provides that "[a] determination by the court that the claimant has standing to request a stay … shall not preclude the Government from objecting to the standing of a claimant by dispositive motion or at the time of trial.")

With respect to the second factor, a "related criminal case" is defined by statute as "an actual prosecution … in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made." 18 U.S.C. § 981(g)(4). For purposes of this statute, the "actual prosecution" of Ulbricht was concluded at the time this Court entered judgment in the Criminal Case, and does not include Ulbricht's appeal. This Court has previously held that there is no right to stay a civil forfeiture proceeding pending the outcome of a criminal *appeal*. *See United States* v. *Real Property Known as Unit B,* 2012 WL 1883371, *7 (S.D.N.Y. May 21, 2012) (Because a civil forfeiture does not depend on there being a criminal conviction, there is no reason to stay a civil forfeiture case to await the outcome of a criminal appeal). "[T]he success of the Government's case hinges on its ability to prove forfeitability by a preponderance of the evidence," *id*. (citing 18 U.S.C. § 983(c)(1)), rather than on proof of the defendant's guilt beyond a reasonable doubt. In fact, there is no bar to civil forfeiture even after an acquittal in a related criminal case because the standard of proof is lower. *See United States* v. *$120,856 in U.S.* Currency, 394 F. Supp. 687, 691-92 (D.V.I. 2005).

Assuming, *arguendo,* that Ulbricht were able to establish that he remains "the subject" of "a related criminal case" so long as the direct appeal of his conviction is pending, Ulbricht would not be able to demonstrate the third required factor: that continuing the Civil Action would burden his right of self-incrimination in the Criminal Case. Ulbricht cannot re-litigate his guilt in the civil forfeiture proceeding. Ulbricht's conviction on all counts in the Criminal Case collaterally estops him from arguing, among other things, that he was not the Dread Pirate Roberts ("DPR"), at all relevant times the owner and operator of the Silk Road hidden website, through which enormous large quantities of illegal narcotics, as well as computer-hacking services, malicious software, and fraudulent identification documents, were bought and sold. For purposes of collateral estoppel by

a criminal verdict in a civil case, "[i]t is of no consequence that the criminal case is presently pending appeal." *United States* v. *Contents of Smith Barney Citigroup Account No. 3419 in Name of Warshak*, 2009 WL 961228, *4 (S.D. Ohio Apr. 8, 2009), *aff'd sub nom. United States* v. *Contents of Smith Barney Citigroup Account No. 34-19*, 482 F. Appx. 134 (6th Cir. 2012).

Thus, the only remaining question to be resolved in the Civil Action is whether the 144,000 bitcoins recovered from wallet files on Ulbricht's laptop computer (the "Bitcoins") are traceable to the operation of Silk Road. During the criminal trial, Ulbricht's counsel took two different positions regarding the origin of the Bitcoins. In opening, defense counsel suggested that Ulbricht had earned the Bitcoins as legitimate investment income, through mining and trading Bitcoin. Later, during closing, defense counsel implied that the Bitcoins, along with all the other incriminating electronic evidence found on Ulbricht's computer, were planted there in an effort to "frame" Ulbricht shortly before his arrest.

Regardless of which of these two theories Ulbricht advances in the Civil Action, neither theory regarding the source of the Bitcoins incriminates Ulbricht in the Criminal Case. In the first scenario, Ulbricht earned the Bitcoins through legitimate activities, and in the second scenario, they were transferred to Ulbricht's laptop without Ulbricht's knowledge. Because Ulbricht is estopped by his conviction from arguing that he did not operate the criminal enterprise known as Silk Road, the Government does not intend, before the appeal of his Criminal Case is final, to make any inquiries in civil discovery in response to which Ulbricht would potentially incriminate himself in the Criminal Case. In other words, the scope of the Government's discovery requests at this time would be limited to inquiries regarding the tracing and origin of the Bitcoins.

Finally, the Second Circuit panel was unanimous in affirming Ulbricht's criminal conviction; is very unlikely that the Second Circuit will agree to rehear the case *en banc,* and even less likely that Ulbricht's criminal conviction will ultimately be overturned. Two years have passed since this Court imposed sentence in the Criminal Case, and another two years could easily elapse before the Supreme Court makes a ruling on Ulbricht's eventual *certiorari* petition. There is no viable reason to further delay the Civil Action, and the Government respectfully requests that the stay be lifted.

                                            Respectfully submitted,

                                            JOON H. KIM
                                            Acting United States Attorney

                              by: _____/s/_____
                                            Christine I. Magdo
                                            Assistant United States Attorney
                                            (212) 637-2297

cc:  Paul Grant, Esq.
     *Counsel for Ross Ulbricht*