PAUL GRANT
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134

June 30, 2017

**BY ECF**
Honorable Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re: *United States v. Ross William Ulbricht, et al*, 13 Civ. 6919 (KBF)

Dear Judge Forrest:

On September 22, 2015, this Court issued a written order staying this action pursuant to 18 U.S.C. § 981(g)(2)(A) & § 981(g)(2)(C), *pending resolution of the direct appeal* in a related criminal matter. On June 5, 2017, the Court ordered the parties to inform the Court no later than Friday, June 30, 2017, as to their positions regarding lifting the stay in this matter.

The government has provided the Court with a letter setting out its position as requesting that the stay be lifted. The government argues that this action can proceed without burdening Mr. Ulbricht's right against self-incrimination under the Fifth Amendment.

Mr. Ulbricht explains below why the government is mistaken and why the stay should be continued. First, *his direct appeal is not yet resolved*. Mr. Ulbricht will be filing his petition for rehearing or for rehearing *en banc* on or before July 31, 2017, and he may be successful in persuading the Second Circuit to reverse his convictions on some or all of the counts of conviction. If not, he will submit his *certiorari* petition to the Supreme Court and ask that court to reverse his convictions. If he is successful in either venue- and that is a possibility that the government concedes- Mr. Ulbricht may have a new criminal trial. Anything he would say in this proceeding could be used against him at that new trial.

Mr. Ulbricht's right against self-incrimination is much broader than the government contemplates. This action cannot proceed without burdening Mr. Ulbricht's right against self-incrimination. The government has not stated that its case would be prejudiced in any way by continuing the stay and has not offered any argument that would justify compromising Mr. Ulbricht's Fifth Amendment right against self-incrimination. The stay should remain in place.

<u>Applicable Law</u>

Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with

respect to that claimant if the court determines that:

(A) the claimant is the subject of a related criminal investigation or case;
(B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
(C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g)(2).

The court previously granted the stay now in effect after having found that Mr. Ulbricht did at that time meet the requirements of the statute. The government agreed that the stay was appropriate. The government argues now that Mr. Ulbricht is no longer the subject of a related criminal investigation or case or, even if he is, that they will not seek any information that might tend to incriminate him.

### The Stay Should Be Continued Because His Criminal Case(s) Is (Are) Still Pending

The government argues in effect that Mr. Ulbricht's criminal case (United States v. Ulbricht, 14 Cr. 68 (KBF)) is concluded, but Mr. Ulbricht disputes that. Should Mr. Ulbricht be successful in persuading either the Second Circuit or the Supreme Court to reverse his convictions, he faces the likelihood of a new trial. The government has not promised to forego a new trial, should Mr. Ulbricht be successful on appeal.

If this case proceeds now, Mr. Ulbricht will face the choice of either providing evidence in this case which could be used against him at a new trial, or asserting his Fifth Amendment rights against self-incrimination, and having that exercise of his rights used against him in this civil forfeiture proceeding.

The government has not offered any verification that Mr. Ulbricht is not now the subject of any other related criminal investigation or case. Mr. Ulbricht now inquires: to the government's knowledge, *is Mr. Ulbricht now the subject of any other related criminal investigation or case?* Mr. Ulbricht requests that the United States Attorney answer that question after making reasonable efforts to determine the answer. Mr. Ulbricht suggests that a reasonable place to start in researching that question would be to interview the case agents and Assistant United States Attorneys who have worked on his criminal case in this district, or who are known or reasonably thought to be working on or involved in related cases.

Mr. Ulbricht is facing possible prosecution in other related cases in this and other jurisdictions, both state and federal. It is likely that other jurisdictions investigating criminal charges against Mr. Ulbricht would be seeking assistance from the prosecutors in this district who have worked on the case against Mr. Ulbricht, and from the investigators and case agents involved in Mr. Ulbricht's prosecution and trial. Thus, it should be fairly easy for the government to inquire as to whether there are other pending criminal cases or active investigations. Since investigations are typically not made public until charges are filed, Mr. Ulbricht may not be aware of active investigations.

Mr. Ulbricht is not in the best position to know and to inform this Court whether there are other active investigations against him now, but the government is. Mr. Ulbricht is aware of one additional pending criminal case in a related matter, namely Case No. 13-cr-00222, United States v. Ross William Ulbricht, a/k/a Dread Pirate Roberts, a/k/a DPR, filed in the United States District Court for the District of Maryland. In that pending case, Mr. Ulbricht has been charged with: conspiracy to distribute a controlled substance, attempted witness murder, use of interstate commerce facilities in commission of murder-for-hire, aiding and abetting, and criminal forfeiture. The Maryland District Court indictment contains allegations against Mr. Ulbricht involving operation of the Silk Road website, bitcoin transactions, etc. Many of the allegations in that case were raised in the pending criminal case in the S.D.N.Y. and in this forfeiture case.

Scope of the Right against Self-incrimination

The Fifth Amendment privilege against self-incrimination not only extends to answers that would in themselves support a conviction, but also embraces those answers which would furnish *a link in the chain of evidence* needed to prosecute the claimant for a federal crime. *Blau v. United States,* 340 U.S. 159, 161 (1950); *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

The Fifth Amendment privilege has been made applicable against the states through the Due Process Clause of the Fourteenth Amendment and, therefore, the privilege extends to answers that could be used in either federal or state prosecutions. *Murphy v. Waterfront Comm'n of N. Y. Harbor*, 378 U.S. 52, 77-78 (1964).

The government states it would limit its discovery inquiries to matters involving the tracing and origin of the Bitcoins, and that Mr. Ulbricht's responses to such inquiries would not tend to incriminate him in *the criminal case*. Mr. Ulbricht has a much different view of what would tend to incriminate him or what would furnish a link in the chain of evidence needed to prosecute him.

As the government has admitted, Mr. Ulbricht may be successful in his still active appeal and his convictions could be overturned. Subsequently, the government could try him again. Is there any doubt whether the government would use Mr. Ulbricht's statements made in this proceeding against him in a new trial? Is there any doubt that the government would use Mr. Ulbricht's statements made in this proceeding against him in the criminal prosecution in the District of Maryland?

At his first criminal trial, the government had to prove Mr. Ulbricht's involvement in the Silk Road and his involvement in related bitcoin transactions, to the satisfaction of the jury, through evidence obtained from its own investigations. Mr. Ulbricht did not testify. If he discusses bitcoin on his laptop or bitcoin transactions in this proceeding, even showing knowledge and familiarity with such transactions, that discussion could be used against him at a new trial in the S.D.N.Y., or in the criminal case in the District of Maryland. That could provide *links in the chain of evidence* needed to prosecute and convict Mr. Ulbricht in either case.

<u>The Stay Should Be Continued</u>

   Mr. Ulbricht does not know how many criminal investigations or cases there may be that are active or pending against him at this time.  There could well be additional active federal or state investigations or cases of which he is unaware.  The government is in a better position to know the answer to that question, and the government should provide an answer based on its reasonable inquiry made to the persons likely to have such knowledge.  It appears that there may be ongoing criminal investigations related to this matter because the government sought, obtained, and still maintains confidentiality of <u>law enforcement-sensitive information</u> - see ECF # 14, Protective Order, in 14 Cr. 68, *U.S. v. Ulbricht*. It would be unfair to Mr. Ulbricht for the government to have such knowledge (or have it at its fingertips) of other investigations or cases, and yet seek a lifting of the stay, while not making such information known to the Court and to Mr. Ulbricht.  Mr. Ulbricht has, however, identified two pending criminal cases: his appeal of his convictions in the Second Circuit and the case in the District of Maryland.

   Mr. Ulbricht's rights against self-incrimination would be severely burdened in both of those identified cases if the stay were now lifted. For that reason alone, the stay should be continued through the conclusion of his now-pending appeal, which means through the results of his petition for rehearing or rehearing *en banc*, and through the results of his petition for writ of certiorari, if that petition is submitted.  The stay should also be continued until the District of Maryland case is resolved.

Respectfully submitted,


/s/ Paul Grant
Paul Grant
Counsel for Ross William Ulbricht
303-909-6133


cc: Christine I. Magdo
  Assistant United States Attorney